```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NORTH DAKOTA
                   NORTHEASTERN DIVISION
```

Ian Owen Sharpe,               )
                               )
              Petitioner,      )    **OPINION AND ORDER**
                               )    Case No. 2:99-cr-86
      vs.                      )              2:05-cv-79
                               )
United States of America,      )
                               )
              Respondent.      )

## I.  INTRODUCTION

Before the Court is a motion by petitioner, Ian Owen Sharpe, pro se, pursuant to 28 U.S.C. § 2255 (doc. #1 in case no. 2:05-cv-79; doc. #27 in case no. 2:99-cr-86). For reasons set forth below, the motion is **DENIED**.[1]

## II. BACKGROUND

On December 8, 1999, an indictment was filed with this Court charging the petitioner with Reentry of a Removed Alien Subsequent to a Conviction of an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

The petitioner entered into a plea agreement with the United States government and entered a plea of guilty. The Court, after hearing a proper factual basis, accepted the petitioner's plea and adjudged him guilty. On June 21, 2000,

---

[1] No response from the United States is required because the Court has determined that the motion and file make clear that petitioner is entitled to no relief. See 28 U.S.C. § 2255.

1

the Court sentenced the defendant to 96 months imprisonment and 3 years of supervised release.

The petitioner has now filed a petition under 28 U.S.C. § 2255. He asserts that his conviction was obtained by an unlawfully induced plea of guilty, that he received ineffective assistance of counsel, and that he was denied his right of appeal.

### III. DISCUSSION

There is a 1-year period of limitation on motions filed under 28 U.S.C. § 2255. The limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, the 1-year limitation period began to run on the date upon which the petitioner's judgment of conviction became final. The other possible starting dates do not apply in this case – the petitioner was not prevented from

2

making the motion by governmental action; the Supreme Court has not recognized a new right made retroactively applicable to this case on collateral review; and the petitioner knew the facts supporting the claims presented from the date of sentence.

The Court entered Sharpe's judgment of conviction on June 21, 2000, and thus the judgment became final for § 2255 purposes on July 1, 2000.[2] See Fed. R. App. P. 4(b) (discussing time for filing a notice of appeal); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005)(holding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"). Since Sharpe did not file his § 2255 motion until July 28, 2005, the 1-year limitation period under § 2255 has long since run. Such a motion at this point is untimely and will not be considered by the Court.

---

[2]Under Rule 4(b) of the Federal Rules of Appellate Procedure, a defendant's notice of appeal from a judgment of conviction must be filed within ten days. Pursuant to Rule 26(a)(2) of the Federal Rules of Appellate Procedure, as amended effective December 1, 2002 and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. The amended Rule 26(a)(2), however, was not in effect for the petitioner's case, and thus his judgment of conviction became final ten consecutive days after it was entered.

**IV.   CONCLUSION**

Petitioner's motion is **DENIED** and his action is **ORDERED DISMISSED WITH PREJUDICE.** The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2006.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court